UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL OLIVER HAMILTON,<br><br>    Plaintiff,<br>v.<br><br>J. HURTADO, *et. al.*,<br><br>    Defendants. | Civil No. 12cv1940 JAH (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**<br>**[Doc. Nos. 8, 15]** |

## BACKGROUND

Plaintiff, Lionell Oliver Hamilton, a state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. section 1983 on August 6, 2012. In his complaint, Plaintiff alleges Defendant J. Hurtado unlawfully seized Plaintiff, violently pulled Plaintiff's arm through a food port slot and pepper sprayed Plaintiff in retaliation for Plaintiff's grievance against Hurtado for harassment. He further alleges Hurtado was acting under the direction of Defendant L. Scribner and M.Cate. He asserts violations of his First, Fourth and Eighth Amendment rights and violations of California Civil Code sections 52 and 52.1.

On October 9, 2012, Defendants filed a motion to dismiss the complaint, contending Plaintiff fails to state a claim under 42 U.S.C. section 1986, Plaintiff fails to state a claim for violation of his rights under the Fourth Amendment, Plaintiff fails to allege personal involvement of Defendants Scribner and Cate, and Plaintiff's state law claims should be dismissed because he fails to allege compliance with the California Tort

Claims Act. Plaintiff filed an opposition to the motion on December 3, 2012. Noting Plaintiff failed to address Defendants' argument that the state law claims should be dismissed for failure to comply with the California Tort Claims Act, the Honorable Ruben B. Brooks, magistrate judge, provided a notice to Plaintiff pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1988) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) informing Plaintiff he could provide a declaration, affidavit or authenticated document that contradicts Defendants' argument Plaintiff failed to exhaust administrative remedies pursuant to the Tort Claims Act. Plaintiff did not file any additional documents in response.

On April 11, 2013, Judge Brooks, issued a report and recommendation ("Report") addressing the motion and recommending this Court grant Defendants' motion to dismiss. Objections to the Report were due by May 20, 2013. Neither party filed objections.

After careful consideration of the pleadings and relevant exhibits submitted by the parties and for the reasons set forth below, this Court **ADOPTS** the magistrate judge's Report and **GRANTS** Defendants' motion to dismiss.

## DISCUSSION

### I. Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report...to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See FED.R.CIV. P. 72(b). It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

## II. Analysis

In the Report, Judge Brooks recommends Defendants' motion to dismiss Plaintiff's claim under 42 U.S.C. section 1986 be granted with leave to amend; the motion to dismiss Plaintiff's Fourth Amendment claim be granted without leave to amend; the motion to dismiss the First and Eighth Amendment claims against Defendant Scribner and Cate be granted with leave to amend; and the motion to dismiss Plaintiffs claims under the California Civil Code should be granted without leave to amend. This Court received no objections to the Report. The Court conducted a *de novo* review, independently reviewing the Report and all relevant papers submitted by both parties, and finds the Report provides a cogent analysis of the issues presented in the motion.

Specifically, this Court agrees with Judge Brooks' finding that Plaintiff's claim under 42 U.S.C. section 1986 is subject to dismissal because Plaintiff fails to bring a claim under 42 U.S.C. section 1985 as required to support a claim under section 1986, fails to allege any facts demonstrating Defendant Hurtado's conduct was racially motivated or class based, and fails to sufficiently allege the existence of a conspiracy. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). This Court further agrees Plaintiff's claim for unlawful search and seizure based upon Hurtado's use of force is not properly brought under the Fourth Amendment and should be dismissed. As a convicted individual, Plaintiff's claim should be brought under the Eighth Amendment. See Graham v. Conner, 490 U.S. 386, 395 n.10 (1989).

Additionally, the Court finds Plaintiff fails to sufficiently allege facts to support a claim for retaliation and a claim for excessive force against Defendants Cate and Scribner. Plaintiff's non-conclusory allegations fail to demonstrate Cate and Scribner's personal involvement in the alleged constitutional deprivations or a causal connection between their conduct and the constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); Hansen v. Black, 885 F.2d 642, 645 - 46 (9th Cir. 1989). The Court further agrees with Judge Brooks' recommendation that Plaintiff's state law claims be dismissed for failure to allege or provide evidence he filed a written claim as required under the

California Tort Claims Act. See Cal. Gov. Code §§ 911.2, 950.2. The Court also notes Plaintiff failed to provide the evidence demonstrating he complied with the California Tort Claims Act despite the additional opportunity provided by Judge Brooks. As such, the Court will dismiss the state law claims without leave to amend as recommended by Judge Brooks.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. The findings and conclusions of the magistrate judge presented in the Report are **ADOPTED in their entirety**;
2. Defendants' motion to dismiss is **GRANTED**;
3. Plaintiff's 42 U.S.C. section 1986 claim is **DISMISSED with leave to amend**; Plaintiff's Fourth Amendment claim is **DISMISSED without leave to amend**; Plaintiff's First Amendment claim for retaliation and Eighth Amendment claim are **DISMISSED with leave to amend** as to Defendants Scribner and Cate; Plaintiff's state law claims are **DISMISSED without leave to amend**;
4. If Plaintiff wishes to reassert the claims dismissed with leave to amend, he may file an amended complaint that cures the deficiencies outlined by the magistrate judge in the Report no later than **September 9, 2013**.

DATED: July 25, 2013

_____
JOHN A. HOUSTON
United States District Judge