1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

LIONELL HAMILTON,

11

                    Plaintiff,

12

    v.

13

J. HURTADO, et al.,

14

                Defendants.

CASE No. 12cv1940 JAH (JLB)

**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[ECF No. 29]

15
16

      Plaintiff Lionell Hamilton ("Plaintiff"), a state prisoner proceeding *pro se* and

17

*in forma pauperis*, filed a Complaint alleging: (1) violation of First Amendment rights;

18

(2) violation of Fourth Amendment rights; (3) violation of Eighth Amendment rights;

19

(4) violation of 42 U.S.C. section 1986; and (5) violation of California Civil Code

20

section 52 and 52.1.  (ECF No. 1.)  Defendants moved to dismiss the Complaint,

21

contending that: (1) Plaintiff failed to state a claim under 42 U.S.C. section 1986; (2)

22

Plaintiff failed to state a claim for violation of his rights under the Fourth Amendment;

23

(3) Plaintiff failed to allege personal involvement of Defendants Scribner and Cate; and

24

(4) Plaintiff failed to allege compliance with the California Tort Claims Act.  (ECF No.

25

8.)

26

      On July 25, 2013, the Court issued a Report and Recommendation granting

27

Defendant's Motion to Dismiss.  (ECF No. 15.)  United States District Judge John A.

28

Houston subsequently adopted the Report and Recommendation, leaving only the First

Amendment retaliation claim and the Eighth Amendment excessive force claim, both against Defendant Hurtado. (ECF No. 16.) Currently pending before the Court is Defendant Hurtado's Motion for Summary Judgment, which argues that Plaintiff's claims are barred by the favorable termination doctrine. (ECF. No. 29-3.) Based on the moving and opposing papers, the evidence presented, and the applicable law, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The Complaint alleges that on April 7, 2009, Defendant Hurtado unlawfully seized Plaintiff during a shower escort and "roughly and forcefully pulled" him. (ECF No. 1 at 8.) Once they reached Plaintiff's cell, Plaintiff claims Defendant Hurtado violently pulled Plaintiff's right arm through the food port slot of his cell, pepper sprayed Plaintiff in the face, and falsely claimed that it was Plaintiff who assaulted Defendant Hurtado. (*Id.*) Plaintiff further alleges that Defendant Hurtado's actions were in retaliation for Plaintiff's previously filed grievance against Defendant Hurtado for harassment. (*Id*. at 9.)

As a result of the incident on April 7, 2009, a crime/incident report was filed. (ECF No. 29-5 at 13.) The report details that "a battery on a peace office . . . occurred in ASU-1, involving Inmate Hamilton . . . ." (*Id*.) A disciplinary hearing was held, during which Defendant Hurtado providing the following statement:

> I escorted Inmate Hamilton . . . form [sic] the shower to his cell. Hamilton entered his cell, but turned to his left to face me as the cell door was closing. I ordered Hamilton to face the back wall until the door closed. Hamilton turned away from me, but stated, "Fuck you, you're a scared bitch." Once the cell door was closed, Hamilton placed his hands through the handcuff port and I placed my left hand on the handcuffs while preparing to remove them. I released the left handcuff and Hamilton suddenly spun to his right and began pulling his still restrained right hand away from me, forcing my left hand against the top of the handcuff port and into the cell. I retained my grip on the handcuffs and leaned backward, pulling the handcuffs back through the handcuff port, while ordering him to stop resisting. Hamilton stated, "No," and continued pulling on the handcuffs. I continued holding the handcuffs with my left hand and drew my state issued MK-9 Pepper Spray with my right hand while again ordering Hamilton to stop. He refused, and I sprayed a burst of Pepper Spray toward his facial area, through an opening

1
2
3
> on the right side of the handcuff port. Hamilton then stopped resisting and I was [able] to release the handcuff from his right hand and secure the handcuff port. Sergeant C. Imada arrived at my location and I informed him that Hamilton tried to pull my arm through the handcuff port. I departed E-Pod and was medically evaluated by on-duty medical staff.

4   (*Id*. at 4.)

5   Plaintiff pled not guilty and stated that he "was attacked." (*Id*. at 5.)  At the

6   conclusion of the disciplinary proceeding, Plaintiff was found guilty of battery on a

7   peace officer in violation of California Code of Regulations Section 3005(d)(1) and

8   assessed a 150-day forfeiture of good-time credits he had previously earned toward his

9   release. (ECF No. 29-5 at 6-7.)

10                      **II.  LEGAL STANDARD**

11   Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant

12   summary judgment if the movant shows that there is no genuine dispute as to any

13   material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

14   P. 56(a).  The moving party initially bears the burden of proving the absence of a

15   genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

16   Where the non-moving party bears the burden of proof at trial, the moving party need

17   only prove that there is an absence of evidence to support the non-moving party's case.

18   *Id*. at 325. If the moving party meets that burden, the burden shifts to the non-moving

19   party to designate specific facts demonstrating the existence of genuine issues for trial.

20   *Id*. at 324.

21   Summary judgment must be granted when the non-moving party fails to establish

22   an essential element of the case. *Id.* at 322-23.  "[The] plain language of Rule 56(c)

23   mandates the entry of summary judgment . . . against a party who fails to make a

24   showing sufficient to establish the existence of an element essential to that party's case,

25   and on which that party will bear the burden of proof at trial." *Id*.  The failure of the

26   non-moving party to prove an essential element renders all other facts nonmaterial. *Id*.

27   Inferences to be drawn from the underlying facts must be viewed in the light

28   most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. V. Zenith*

1     *Radio Corp*., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the court's

2     function is not to weigh the evidence or determine the truth of the matter, but rather,

3     to determine whether there is any genuine issue for trial.  *See Anderson v. Liberty*

4     *Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th

5     Cir. 1999).

6        The non-moving party must offer specific facts that establish a genuine issue of

7     material fact.  *Matsushita*, 475 U.S. at 586-87.  A summary judgment motion cannot

8     be defeated by relying on bare allegations or speculation.  *Roley v. New World*

9     *Pictures, Ltd.*, 19 F.3d 479, 482 (9th Cir. 1994).  Thus, the non-moving party may not

10    rest upon the mere allegations or denials in its pleadings.  *Celotex*, 477 U.S. at 324.

11                                     **III.  DISCUSSION**

12   **A.  Favorable Termination Doctrine**

13        Defendant Hurtado seeks summary judgment only on the ground that Plaintiff's

14    Section 1983 claims are barred by the favorable termination doctrine set forth by the

15    Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*,

16    520 U.S. 641 (1997).  According to Defendant Hurtado, the favorable termination

17    doctrine bars Plaintiff's excessive force and retaliation causes of action because

18    Plaintiff was previously found guilty in a prison disciplinary proceeding of battery on

19    Defendant Hurtado in connection with the exact same incident that serves as the basis

20    for Plaintiff's Section 1983 claims.  Defendant Hurtado argues that Plaintiff cannot

21    pursue his Section 1983 claims without first overturning these prior findings and

22    convictions. (ECF No. 29-3.)  In his Opposition to the Motion for Summary Judgment,

23    Plaintiff does not address the favorable termination doctrine, but reiterates his position

24    that it was Defendant Hurtado who committed the battery.  (ECF No. 39.)

25        In *Heck*, the United States Supreme Court held that a plaintiff who is convicted

26    of a crime under state law cannot seek damages in a Section 1983 action if a judgment

27    in the plaintiff's favor "would necessarily imply the invalidity of his conviction or

28    sentence." *Heck,* 512 U.S. at 487.  An action must be dismissed under *Heck* if the

plaintiff "would have to negate an element of the offense of which he has been convicted" in order to prevail in his Section 1983 action.  *Id.* at 487.  In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which Section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (1996).  In *Edwards*, the United States Supreme Court extended this rule to adverse findings in prison disciplinary proceedings that affect a prisoner's term of confinement, such as the deprivation of good-time credits.  *Edwards*, 520 U.S. at 647-48.  Reading *Heck* and *Edwards* together, it is well established that "the favorable termination rule turns solely on whether a successful Section 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003).

A Section 1983 action should be allowed to proceed however, if the District Court determines that success on the merits will not invalidate a conviction against the plaintiff.  *Heck*, 512 U.S. at 487.  In some cases, a cause of action under Section 1983 is not barred under *Heck* because the factual basis for the conviction is divisible from the alleged violation of Section 1983, and, as a result, success on the merits of the claim would not necessarily imply the invalidity of a conviction.  In *Smith v. City of Hemet*, Smith pled guilty to resisting arrest under California Penal Code Section 148(a)(1).  *Smith*, 394 F.3d 689, 694 (9th Cir. 2005).  He then filed a complaint under Section 1983 alleging that police used excessive force when they sprayed him with pepper spray and instructed a police dog to attack him.  *Id.* at 694-95.  The Ninth Circuit concluded that Smith's excessive force allegations were not barred by *Heck* because some of the acts of alleged excessive force occurred both before and after Smith had engaged in acts that may have constituted the factual basis for his guilty plea.  *Smith*, 394 F.3d at 699.

The facts indicated that Smith committed a number of acts constituting the crime of resisting arrest before police decided to arrest him.  *Id*. at 693-94, 696-97.  Police

issued verbal commands, all of which were within the bounds of their general police powers, and there was no physical contact between Smith and police that could constitute excessive force. *Id.* After police decided to take Smith into custody, he continued to disobey police commands—in violation of Section 148(a)(1)—while officers applied force to subdue him and make an arrest. *Id.* at 694, 697. Although Smith pled guilty to resisting arrest in violation of Section 148(a)(1), nothing in the record indicated which of his actions constituted the unlawful resistance to which he pled guilty. *Id.* at 698-99. Thus, because the court was unable to determine "'the factual basis for [Smith's] plea,' his lawsuit [did] not necessarily imply the invalidity of his conviction and . . . [was] therefore not barred by *Heck*." *Id.* at 699, citing *Heck*, 512 U.S. at 487.

On the other hand, a claim under Section 1983 is barred by *Heck* "when the factual basis for the underlying conviction is clear, and the 1983 claim is not in any way divisible from that factual basis." *Velarde v. Duarte*, 937 F. Supp. 2d 1204, 1213 (S.D. Cal. 2013). In the instant case, Defendant argues that Plaintiff's excessive force and retaliation claims are based on the exact same acts that were considered in the prison disciplinary proceeding. Defendant further argues that the encounter took place "in a matter of seconds." (ECF No. 29-3 at 5.)

The gravamen of Plaintiff's Complaint is that Defendant Hurtado assaulted Plaintiff by pulling Plaintiff's arm through the handcuff port of the cell door. During the prison disciplinary proceeding, the Senior Hearing Officer reviewed the facts surrounding the incident in Plaintiff's cell and ultimately found that it was <u>Plaintiff</u> who pulled <u>Defendant's</u> arm through the food port and that Defendant pepper sprayed Plaintiff while Plaintiff disobeyed orders to stop resisting. (ECF No. 29-5 at 14.)

In order to prevail on his causes of action arising from the incident in the cell, Plaintiff must prove facts that are entirely inconsistent with the Senior Hearing Officer's findings. Specifically, Plaintiff would have to prove that the battery on Defendant Hurtado was fabricated, and that <u>Defendant</u> unlawfully pulled <u>Plaintiff's</u>

arm through the food port and then sprayed him in the face with pepper spray. Proof of these facts would be fundamentally inconsistent with the findings made by the Senior Hearing Officer in the prison disciplinary proceeding.

Accordingly, if Plaintiff were successful on the merits of his excessive force and retaliation claims arising from the incident in his cell, it would imply the invalidity of the prison disciplinary finding and require reversal of the 150-day credit loss, thereby affecting the length of his sentence. Thus, the favorable termination doctrine applies and bars Plaintiff's excessive force and retaliation claims arising from the cell incident unless Plaintiff first proves his conviction has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Plaintiff has failed to set forth any evidence that his disciplinary proceeding has been overturned. As such, Plaintiff's excessive force and retaliation claims arising from the cell incident are not cognizable under Section 1983.

However, Plaintiff also alleges—in a single paragraph—that excessive force was used during the shower escort. (ECF No. 1 at 9.) With regard to the shower escort, Plaintiff claims "[w]hile being escorted from the shower, defendant J. Hurtado unlawfully seized plaintiff and began to roughly and forcefully pulled [sic] plaintiff during the escort, plaintiff was wearing very fragile shower shoes and was also in restraints." (*Id*. at 8.) As noted above, the instant Motion rests exclusively on the argument that Plaintiff's claims are barred by the favorable termination doctrine. However the record does not indicate that the Officer in Plaintiff's disciplinary hearing reviewed the facts surrounding the shower escort and no determination was made as to the use of force during this interaction. (ECF No. 29-5 at 5.)

Therefore, *Heck* does not bar Plaintiff's excessive force and retaliation claims as they relate to Defendant's actions during the shower escort. Success on the merits of these claims would not necessarily invalidate Plaintiff's conviction for conduct that occurred during the incident in his cell. Accordingly, the Court concludes that Plaintiff is not barred by the favorable termination doctrine from pursuing his excessive force

and retaliation claims to the extent that they are based on Defendant's conduct during the shower escort.[1]  It is therefore **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART**.

### IV.  CONCLUSION

Based on the forgoing, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgement be **GRANTED** as to Plaintiff's excessive force and retaliation claims to the extent that they are based on Defendant's actions in Plaintiff's cell.  The Court **RECOMMENDS** that Defendant's Motion for Summary Judgement be **DENIED** as to Plaintiff's excessive force and retaliation claims to the extent that they are based on Defendant's actions during the shower escort.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the court and serve a copy on all parties by **January 14, 2015**.  The document shall be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by **January 28, 2015**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:   December 17, 2014

**JILL L. BURKHARDT**
**United States Magistrate Judge**

---

[1]   As it is not presently before the Court, the Court makes no evaluation of the sufficiency of Plaintiff's allegations of excessive force and retaliation as they relate to the shower escort.